Under this agreement the three insurance companies above referred to instituted this suit in the name of the Police Jury of Ouachita Parish and were joined in the suit by the district attorney of that district.

Defendant contends that the three insurance companies which instituted the suit did not have a cause of action against it and could not by this roundabout process create a cause of action.

This entire proceeding, as we view it, is under the equity provisions of article 21 of the Revised Civil Code, and it would be most inequitable to find that the three insurance companies which instituted the suit in the name of the Police Jury should be required to pay that which is due by defendant, as well as the amount due by them, when all of them had been paid their pro rata part of the premiums with the intention that each company should bear its pro rata part of the loss, if any occurred. We had occasion, however, to pass upon a similar loan agreement in the case of Automatic Sprinkler Corporation of America v. Robinson-Slagle Lumber Company, Inc., 147 So. 542, 543. In that case we said:

"The courts of the United States have universally held that payment under such an agreement is not an unconditional payment, but is a conditional payment or loan, and a payment under such agreement does not deprive the insurance company nor the insured of any right they had prior to the payment. Dejean v. Louisiana W. Ry. Co., 167 La. 111, 118 So. 822; Luckenbach v. McCahan Sugar Ref. Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522, and numerous cases cited in note thereunder on page 1528.

"In the Luckenbach Case, Justice Brandeis gave the following plausible reasons for this ruling:

"'* * * It is essential to the performance of the insurer's service, that the insured be promptly put in funds, so that his business may be continued without embarrassment. Unless this is provided for, credits which are commonly issued against drafts or notes with bills of lading attached, would not be granted. Whether the transfer of money or other thing shall operate as a payment, is ordinarily a matter which is determined by the intention of the parties to the transaction. Compare the Kimball, 3 Wall. 37, 44, 18 L.Ed. 50. The insurer could not have been obliged to pay until the condition of their liability—i. e., nonliability of the carrier—had been established. The shipper could not have been obliged to surrender to the insurers the conduct of the litigation against the carrier, until the insurers had paid. In consideration of securing them the right to conduct the litigation, the insurers made the advances. It is creditable to the ingenuity of businessmen that an arrangement should have been devised which is consonant both with the needs of commerce and the demands of justice.'"

We therefore conclude that the contention of defendant that plaintiff is without interest is not well-founded. There is no dispute as to the amount due if we find the suit was properly brought and the contracts of insurance should be reformed. Our finding in both instances is in the affirmative. However, there is a question as to the penalties and attorney's fees. We are convinced from the testimony the lower court in its opinion above quoted has correctly solved these questions.

We find no error in the judgment appealed from, and it is affirmed, with costs.

**OUACHITA PARISH POLICE JURY v. ANCHOR INSURANCE COMPANY OF PROVIDENCE, R. I.**

No. 5357.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Rehearing Denied June 30, 1937.

Writ of Certiorari and Review Denied Nov. 2, 1937.

Deutsch & Kerrigan & Burke, of New Orleans, for appellant.

Frank W. Hawthorne and Theus, Grisham, Davis & Leigh, all of Monroe, and St. Clair Adams & Son, of New Orleans, for appellee.

644

DREW, Judge.

This is a companion case to suit styled Ouachita Parish Police Jury v. Northern Insurance Company of New York, No. 5360 on the docket of this court, 176 So. 639, in which a decision was rendered this day. The facts and issues are the same.

For the reasons assigned in case No. 5360, the judgment of the lower court is affirmed, with costs.

## OUACHITA PARISH POLICE JURY GUARANTY FIRE INSURANCE COMPANY OF PROVIDENCE, R. I.

### No. 5358.

Court of Appeal of Louisiana.
Second Circuit.
June 1, 1937.

Rehearing Denied June 30, 1937.

Writ of Certiorari and Review Denied
Nov. 2, 1937.

Deutsch & Kerrigan & Burke, of New Orleans, for appellant.

Frank W. Hawthorne and Theus, Grisham, Davis & Leigh, all of Monroe, and St. Clair Adams & Son, of New Orleans, for appellee.

DREW, Judge.

This is a companion case to suit styled Ouachita Parish Police Jury v. Northern Insurance Company of New York, No. 5360 on the docket of this court, 176 So.

639, in which a decision was rendered this day. The facts and the issues are the same.

For the reasons assigned in case No. 5360, the judgment of the lower court is affirmed, with costs.

## OUACHITA PARISH POLICE JURY v. NEW BRUNSWIG FIRE INSURANCE COMPANY.

### No. 5359.

Court of Appeal of Louisiana.
Second Circuit.
June 1, 1937.

Rehearing Denied June 30, 1937.

Writ of Certiorari and Review Denied
Nov. 2, 1937.

Deutsch & Kerrigan & Burke, of New Orleans, for appellant.

Frank W. Hawthorne and Theus, Grisham, Davis & Leigh, all of Monroe, and St. Clair Adams & Son, of New Orleans, for appellee.

DREW, Judge.

This is a companion case to suit styled Ouachita Parish Police Jury v. Northern Insurance Company of New York, No. 5360 on the docket of this court, 176 So. 639, in which a decision was rendered this day. The facts and issues are the same.

For the reasons assigned in case No. 5360, the judgment of the lower court is affirmed, with costs.